# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO C. JACKSON, SR., : | No. 3:12cv2493 |
| Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| COUNTY OF LACKAWANNA, : | |
| LACKAWANNA COUNTY PRISON, : | |
| Defendant : | |

## MEMORANDUM

Before the court for disposition is Defendant County of Lackawanna, Lackawanna County Prison's (hereinafter "defendant" or "prison") motion to dismiss Plaintiff Ricardo C. Jackson, Sr.'s (hereinafter "plaintiff") employment discrimination complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiff is a sixty-two (62) year old African-American male who resides in Factoryville, Pennsylvania. (Doc. 1, Compl. ¶¶ 2, 25). Defendant hired plaintiff as a pastoral counselor in 2001. (Id. ¶ 3). Plaintiff served as a pastoral counselor for the prison until November 2009, at which time his position was eliminated. (Id. ¶¶ 4-5). Plaintiff negotiated with defendant for a new position until April 2010, at which time defendant "officially terminated" him. (Id. ¶ 6).

Plaintiff subsequently filed the instant lawsuit. He asserts that

defendant terminated him due to racial discrimination and age discrimination. Plaintiff raises racial discrimination claims under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") and age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and the PHRA. He also brings a claim under the Pennsylvania Wage Pay and Collection Law ("WPCL"), 43 PENN. STAT. § 260.1 *et seq.,* for payment of his severance, sick, vacation and personal days.[1]

Defendant has moved to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that plaintiff failed to timely exhaust his administrative remedies, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to Title VII and the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have

---

[1] To support the WPCL claim plaintiff avers that defendant had a policy of paying former employees for all unused vacation, sick and personal days. (Doc. 1, Compl. ¶ 54). Plaintiff asserts that the defendant did not provide him with sufficient payment to cover his unused vacation, sick and personal days, when he was terminated. (Id. ¶¶ 54-56). The merits of this claim are not addressed by the motion currently before the court.

2

supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

A 12(b)(6) motion challenges the sufficiency of the complaint's allegations. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that fairly can be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

The issue presented to the court is whether the plaintiff timely exhausted his administrative remedies before filing this lawsuit. Both the

3

ADEA and Title VII mandate that administrative remedies be exhausted before the filing of a civil lawsuit alleging employment discrimination. Specifically, the ADEA provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission ["EEOC"]." 29 U.S.C. § 626(d)(1). Similarly, the ADEA provides that suit cannot be brought until sixty days after proceedings have been started under any State law that prohibits age discrimination. 29 U.S.C. § 633(b). Likewise, a plaintiff must first exhaust administrative remedies with regard to Title VII claims. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). Title VII claims are also exhausted by filing an administrative claim with the EEOC. To be timely, a plaintiff must file a complaint with the EEOC within three hundred days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e).

Defendant argues that the alleged unlawful employment practice occurred in November 2009 when the prison initially terminated plaintiff. Plaintiff did not file his charge with the EEOC until December 2010. Thus, the three hundred day time limit for bringing a charge of discrimination had passed by the time plaintiff filed his EEOC charge. Hence, plaintiff is barred from pursuing the instant lawsuit. Plaintiff first argues that the complaint acknowledges the November 2009 termination, but it also alleges that defendant did not officially terminate him until April 2010. After

4

a careful review, we agree with the plaintiff.

Defendant's argument focuses on the complaint's language which specifically asserts that plaintiff was "constructively discharged" in November 2009. Plaintiff, points out, however that the complaint also alleges that after November 2009, he negotiated with the defendant to return to employment, and that he was not "officially terminated" until April 9, 2010. A review of the complaint reveals that plaintiff did in fact allege that he was "officially terminated" on April 9, 2010, after being "constructively discharged" in November 2009 and after engaging in negotiations with the defendant for several months. (Doc. 1, Compl. ¶¶ 6, 38-44, 52). Therefore, the charge of discrimination filed in December 2010 was filed within the three hundred day deadline. Thus, the plaintiff's complaint contains sufficient allegations, which we must accept as true at this stage of the proceedings, to overcome defendant's statute of limitations argument.

Even if November 2009 is used as plaintiff's termination date, plaintiff has made sufficient allegations that the statute of limitations did not start to run on that day due to equitable tolling. The Third Circuit Court of Appeals has held that the time limitations in employment discrimination cases are "subject to equitable modifications, such as tolling. Such treatment of Title VII's time limitation provisions is in keeping with our goal of interpreting humanitarian legislation in a humane and commonsensical manner so as

to prevent unnecessarily harsh results in particular cases." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994).

The Third Circuit Court of Appeals has explained that there can be

> occasions when an aggrieved person does not discover the occurrence of the alleged unlawful employment practice until some time after it occurred. The discovery rule functions in this latter scenario to postpone the beginning of the statutory limitations period from the date when the alleged unlawful employment practice occurred, to the date when the plaintiff actually discovered her or she had been injured.

Id. at 1386. Thus, "where a defendant actively misleads the plaintiff regarding the reason for the plaintiff's dismissal, the statute of limitations will not begin to run, that is, will be tolled, until the facts which would support the plaintiff's cause of action are apparent, or should be apparent to a person with a reasonably prudent regard for his or her rights." Id. at 1389.

Here, plaintiff asserts that the prison misled him regarding the reason for his termination. The defendant initially indicated that his position was eliminated due to a reduction in workforce. (Doc. 1, Compl. ¶ 36). The defendant then negotiated with the plaintiff until April 2010 regarding obtaining a position at the prison that would provide evening hours as that was the only time plaintiff was available to work. (Id. ¶¶ 42-43). The prison indicated that they could not provide evening hours to work. The parties engaged in these negotiations until April 2010. (Id. at ¶ 6).

6

Plaintiff subsequently learned that defendant had not eliminated his former position due to a reduction in workforce, but had instead changed the name of the position and assigned its duties to non-African Americans. (Id. ¶ 37). He also discovered that similarly situated non-African American employees, who were under the age of forty, were allowed to take evening hour positions. (Id. ¶¶ 45-48). Thus, plaintiff alleges that the statute of limitations should be tolled until April 2010, when he learned the true reason for his dismissal and the negotiations revealed that defendant would only offer him jobs that he could not take.

Equitable tolling is appropriate in this case as the defendant is alleged to have misled the plaintiff with regard to the reason for his termination and then led him to believe that he would be able to continue to work with the defendant in some capacity. Defendant is alleged to have misled the plaintiff for several months until April 2010. The charge with the EEOC was filed in December 2010, within the three hundred-day limit. Accordingly, we will not grant defendant's motion to dismiss based upon the statute of limitations. See Reeb v. Econ. Opp. Atlanta, Inc., 516 F.2d 924 (5th Cir. 1975) ( tolling the statute of limitations where the employer misled the employee as to the true reason for her termination).

Defendant argues that equitable tolling is not appropriate in the instant case and relies on Delaware State College v. Ricks, 449 U.S. 250 (1980) in support of its position. In this case, Columbus Ricks, a Liberian

7

national, worked at a state college which denied him tenure.  Despite denying him tenure, they allowed him to work for an additional year.  Id. at 252-53.  Ricks eventually sued alleging that the denial of tenure was discriminatory and based on his national origin.  Id. at 254.

The issue was whether the statute of limitations began to run at the time Ricks was denied tenure or a year later when he was actually terminated.   The Court held that the "only alleged discrimination occurred-and the filing limitations periods therefore commenced-at the time the tenure decision was made and communicated to Ricks."  Id. at 258.  Ricks had argued that the decision to deny him tenure was discriminatory and the decision to terminate him was also motivated by discrimination.  Thus, there was a "continuing violation" from the time he was denied tenured through his final one-year contract of employment.  Id. at 257.  The Court pointed out, however, that the complaint did not identify any "alleged discriminatory acts that continued until, or occurred at the time of, the actual termination of his employment."  Id.  Here, defendant claims that plaintiff was terminated in November 2009 and that is the discriminatory action of which the plaintiff complains.  Therefore, the limitations period began to run in November 2009.

Ricks, however, is distinguishable from the instant case.  The plaintiff in the instant case alleges that not only was he terminated in November, but also that the employer misled him about the reasons for that

8

termination and then engaged in negotiations with him through April when defendant "officially terminated" him. (Doc. 1, Compl. ¶ 6). It can be inferred from the complaint that the defendant engaged in these negotiations to cover up their discriminatory animus. Accordingly, this is not a case like <u>Ricks</u>, where the employer engaged in discrimination and then allowed the plaintiff to work for an additional year. In <u>Ricks</u>, no discriminatory acts were alleged between when the defendant decided to deny tenure and when the employee officially left his job. In the instant case, it is alleged that plaintiff left his job and the employer continue to engage in discriminatory conduct to cover up the reason for the termination. Accordingly, we agree with the plaintiff and will deny this portion of the motion to dismiss.

The final issue that the defendant raises is that the WPCL claim based on Pennsylvania law should be dismissed. Defendant argues that because the federal causes of action should be dismissed, the court should not exercise jurisdiction over plaintiff's state law cause of action. We find no merit to this argument because we have concluded that dismissal of the federal causes of action is not appropriate.

**Conclusion**

For the reasons set forth above, we conclude that plaintiff's complaint makes sufficient allegations to defeat defendant's statute of limitations challenge at this time. Thus, defendant's motion to dismiss will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO C. JACKSON, SR.,** | : | No. 3:12cv2493 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **COUNTY OF LACKAWANNA,** | : | |
| **LACKAWANNA COUNTY PRISON,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 24th day of June 2013, the defendant's motion to dismiss (Doc. 9) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**